IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

───────────────────────────────────────────────────────

| | |
|---|---|
| ROBERT ROY BAKER, | ) **MEMORANDUM DECISION &** |
| | ) **DISMISSAL ORDER** |
| Petitioner, | ) |
| | ) Case No. 2:08-CV-510 TC |
| v. | ) |
| | ) District Judge Tena Campbell |
| STEVEN TURLEY, | ) |
| | ) |
| Respondent. | ) |

───────────────────────────────────────────────────────

Petitioner, Robert Roy Baker, an inmate at Utah State
Prison, petitions for habeas corpus relief.[1]  The Court denies
him.

## BACKGROUND

Petitioner stands convicted of two counts of child rape, for
which he is serving two terms of ten to life; one count of
aggravated sexual abuse of a child, for which he is serving a
five-to-life sentence; and one count of sexual exploitation of a
minor, for which he is serving a one-to-fifteen-year sentence.
The Utah Court of Appeals affirmed his convictions.[2]  The Utah
Supreme Court then denied his petitions for certiorari review.[3]

In this timely amended federal habeas corpus petition,
Petitioner raises two properly exhausted issues of alleged
ineffective assistance of counsel:  (1) Whether counsel should

───────────────

[1]*See* 28 U.S.C.S. § 2254 (2011).

[2]*State v. Baker*, 2007 UT App 35U.

[3]*State v. Baker*, 189 P.3d 1276 (Utah 2008); *State v. Baker*, 168 P.3d
1264 (Utah 2007)

have ensured a psychosexual evaluation of Petitioner was obtained
to use as mitigating evidence during sentencing; and (2) whether
counsel should have challenged the prosecutor's statements at
sentencing that assertedly exaggerated the nature and amount of
child pornography found in Petitioner's home.[4]

## ANALYSIS

### I.   Standard of Review

The standard of review to be applied in federal habeas cases
is found in § 2254, under which this habeas petition is filed.
It states:

> (d) An application for a writ of habeas
> corpus on behalf of a person in custody
> pursuant to the judgment of a State court
> shall not be granted with respect to any
> claim that was adjudicated on the merits in
> State court proceedings unless the
> adjudication of the claim--
> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States; or
> (2) resulted in a decision that was
> based on an unreasonable determination of the
> facts in light of the evidence presented in
> the State court proceeding.[5]

"Subsection (d)(1) governs claims of legal error while subsection
(d)(2) governs claims of factual error."[6]  Further, "a

---

[4](*See* Docket Entry # 41.)

[5]28 U.S.C.S. § 2254(d) (2011).

[6]*House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[7]

The Court's inquiry here begins with whether the court of appeals's rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law."[8]  The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome.[9]  "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[10]

Under *Carey v. Musladin*,[11] the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[12]  Only after answering yes to that "threshold question" may the Court go on to "ask whether the

---

[7]28 U.S.C.S. § 2254(e)(1) (2011).

[8]*Id.* § 2254(d)(1).

[9]*See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

[10]*Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[11]549 U.S. 70 (2006).

[12]*House*, 527 F.3d at 1017-18.

3

state court decision is either contrary to or an unreasonable

application of such law."[13]

> [C]learly established [federal] law consists
> of Supreme Court holdings in cases where the
> facts are at least closely-related or similar
> to the case *sub judice*.  Although the legal
> rule at issue need not have had its genesis
> in the closely-related or similar factual
> context, the Supreme Court must have
> expressly extended the legal rule to that
> context.[14]

In deciding whether relevant clearly established federal law

exists, this Court is not restricted by the state court's

analysis.[15]

    If this threshold is overcome, this Court may grant habeas

relief only when the state court has "unreasonably applied the

governing legal principle to the facts of the petitioner's

case."[16]  This deferential standard does not let a federal habeas

court issue a writ merely because it determines on its own that

the state decision erroneously applied clearly established

---

[13]*Id.* at 1018.

[14]*Id.* at 1016.

[15]*See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("Federal courts are not
free to presume that a state court did not comply with constitutional dictates
on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*,
540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our
precedents, 'so long as neither the reasoning nor the result of the state-
court decision contradicts them.'") (citation omitted).

[16]*Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing
*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

4

federal law.[17]   "'Rather that application must also be
unreasonable.'"[18]

Moreover, "a determination of a factual issue made by a
State court shall be presumed to be correct.  The applicant shall
have the burden of rebutting the presumption of correctness by
clear and convincing evidence."[19]

Finally, "[i]t is, of course, well settled that the fact
that constitutional error occurred in the proceedings that led to
a state-court conviction may not alone be sufficient reason for
concluding that a prisoner is entitled to the remedy of
habeas."[20]  This Court must "give effect to state convictions to
the extent possible under law."[21]  Still, "errors that undermine
confidence in the fundamental fairness of the state adjudication
certainly justify the issuance of the federal writ."[22]

## II. Ineffective Assistance of Counsel

Petitioner urges this Court to overturn the Utah Court of
Appeals's decision that his counsel was not ineffective.  He
poses two claims:  (1) counsel did not ensure a psychosexual

---

[17]*See id.*

[18]*Id.* (quoting *Williams*, 529 U.S. at 411).

[19]28 U.S.C.S. § 2254(e)(1) (2011).

[20]*Williams*, 529 U.S. at 375.

[21]*Id.* at 386.

[22]*Id.* at 375.

evaluation was available for consideration during sentencing; and (2) counsel did not challenge the prosecution's allegedly false statements at sentencing about the nature and amount of child pornography found in Petitioner's home.

Noting again that review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners, this Court observes that the court of appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issues.[23] It is the familiar two-pronged standard of *Strickland v. Washington*[24]:   (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance.[25] The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result.[26]

As required by the standard of review, the Court now analyzes whether the court of appeals's application of *Strickland* was reasonable.

---

[23]*Baker*, 2007 UT App 35, at ¶¶ 2, 4.

[24]466 U.S. 668 (1984).

[25]*Id.* at 687-88.

[26]*Id.*

## A. Counsel's Failure to Submit Psychosexual Evaluation

Petitioner maintains counsel was ineffective when he did not insist on a psychosexual evaluation of Petitioner to present as mitigating evidence at sentencing.  In analyzing this issue under *Strickland*, the Utah Court of Appeals determined:

> In *State v. Thorkelson*, 2004 UT App 9, 84 P.3d 854, this court held "it is within the discretion of the [trial] court to determine whether it has sufficient information to impose sentence." *Id.* at ¶ 11 (citing *State v. Brown*, 771 P.2d 1067, 1067-68 (Utah 1989)).  "Furthermore, while a psychosexual evaluation may be useful in sentencing, it is not mandatory." *Id.* (citing *State v. Gentlewind*, 844 P.2d 372, 375 (Utah Ct. App. 1992) (recognizing that a court is not compelled to consider additional psychological information, even if relevant and helpful, if the court otherwise has sufficient information to impose sentence)). Here, Baker does not address what "relevant mitigating evidence" a psychosexual evaluation may have contained, and fails to discuss why counsel was ineffective when he did not "insist" that the court consider such information.  Accordingly, Baker has failed to show that counsel was ineffective and has "failed to demonstrate that any purported prejudice [d]efendant suffered as a result of trial counsel's omissions was 'a demonstrable reality and not a speculative matter.'" *State v. Person*, 2006 UT App 288, ¶ 14, 140 P.3d 584 (quoting *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998)).[27]

Petitioner does not even argue that the court of appeals got this wrong.  He merely restates his belief that his attorney's failure to ensure a psychosexual evaluation of Petitioner, in

---

[27]*Baker*, 2007 UT App 35, at ¶ 3.

itself, was deficient, prejudicial performance.  However, based on *Strickland*, the court of appeals was right to observe that counsel's failure to insist upon the evaluation was not necessarily deficient performance.  After all, Utah law did not require such an evaluation be considered at sentencing.[28]  The trial court had discretion to determine whether it had sufficient information to issue a particular sentence, and that is what the trial court determined here.

Further, the court of appeals correctly analyzed Petitioner's failure to assert an argument regarding the requisite prejudice prong (e.g., he did not suggest what facts the psychosexual evaluation likely would have shown that would have been "relevant mitigating evidence"), and, on that basis as well, rejected his ineffective-assistance-of-counsel claim.[29] This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme Court precedent was unreasonable.

## B. Failure to Object to Prosecutor's Remarks

Petitioner contends that counsel rendered ineffective assistance of counsel when he did not "object to the prosecutor's

---

[28]*Id.*

[29]*Id.*

statements that 'thousands upon thousands of very graphic, very detailed pictures' were found in [Petitioner's] home."[30]

Citing *Strickland*, the court of appeals analyzed this applicable Supreme Court precedent against the facts of the case. The court of appeals thus determined the parameters of *Strickland* were not breached:

> Baker's only argument in this regard is that "there is no evidence in the record supporting the State's allegations." To the contrary, various statements in Baker's presentence investigation report support the State's assertion. Indeed, when given an opportunity at sentencing, Baker himself did not contest this statement but instead attempted to explain the existence of the pictures. Thus, it appears that any objection to the prosecutor's statements would have been futile. "Failure to raise futile objections does not constitute ineffective assistance of counsel." *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546. In addition, Baker makes no showing that the absence of an objection prejudiced him. In its sentencing decision, the trial court made clear that the presence of pornography was a concern, without any reference to quantity. As noted above, Baker did not dispute the presence of pornography in his home. Thus, Baker's argument fails both prongs of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).[31]

Again, Petitioner does not attack the court of appeals's conclusion but instead only cursorily reargues his belief that an objection should have been made. At inappropriate times, on

---

[30]*Id.* ¶ 4.

[31]*Id.*

9

appeal and habeas review--as opposed to at the appropriate time
of sentencing--he tried to cast doubt on the number of
pornographic images actually found in his home.  And, the
presentencing report, upon which the prosecutor relied in making
his comments, has never been adequately challenged.  Thus, when
the number of pornographic images was not placed at issue at
sentencing, it would have been futile for counsel to object to
the prosecutor's statement.  The court of appeals correctly
recognized the well-seasoned rule that, when there is no
violation, there is no ineffective assistance for failing to draw
attention to the "violation."[32]

Further, again, Petitioner does not indicate how the court
of appeals misanalyzed the prejudice prong.  Indeed, despite
counsel's failure to object, the trial court's decision specified
that it was based on the "presence of pornography," not
quantity.[33]  And, Petitioner had never disputed that pornography
was in his home,[34] which is a factual determination for which
Petitioner has offered no clear and convincing evidence to
rebut.[35]  Again, this Court sees no way in which the court of

---

[32]*Id.*

[33]*Id.*

[34]*Id.*

[35]28 U.S.C.S. § 2254(e)(1) (2011).

appeals's application of relevant Supreme Court precedent was
unreasonable.

## CONCLUSION

Petitioner raises no valid grounds for federal habeas
relief.  IT IS THEREFORE ORDERED that Petitioner's habeas corpus
petition under § 2254 is DENIED.

DATED this 27th day of October, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

11